### Lessee of ELDAD LORE *vs.* JAMES HAMBLETON.

In an ejectment founded on a plaintiff's title, the plaintiff must show the *judgment* on which the land was sold.

Such judgment being shown as will warrant the court to sell the land, irregularity of proceeding cannot be objected as against the title of a purchaser.

The title of a purchaser at sheriff's sale cannot be questioned by the defendant, except on grounds that deny the authority of the court to order the sale.

It seems that a sale without inquisition gives no title.

EJECTMENT. The plaintiff claimed title under a sale by the sheriff on execution process against the defendant. He produced in evi-

dence, the deed of Nathaniel Wolfe, sheriff, reciting a writ of fieri facias issued out of this court, at the suit of one Pearson against James Hambleton, directed to sheriff Vandever, commanding him to levy and make the sum of *fifty* dollars and *thirty-three* cents, which Catharine Pearson had recovered against defendant before a justice of the peace; the sheriff's return to that writ of " nulla bon levied on land, inquiry held and not sufficient ;" the issuing of a venditioni exponas, and sale of the land to plaintiff; the expiration of sheriff Vandever's term of office; and the petition and order of court to sheriff Wolfe to make a deed. With this deed and proof of defendant's possession, he closed his case.

*Rogers,* for defendant, moved a nonsuit, because plaintiff had not exhibited the judgment on which these proceedings against Hambleton were founded.

*The Court* ordered the nonsuit, saying that it was not necessary to decide whether the sheriff's deed would not, in any case, be *prima facie* evidence, on which a purchaser could recover against the former owner of lands sold on judgment; though they had always seen the judgment produced, and all the proceedings subsequent thereto, in support of the sheriff's deed. Such a deed is nothing without authority; and though it might be possible, prima facie, to make out such authority by full and proper recitals in the deed itself, it would be safer and better to incept the plaintiff's title by showing the judgment. But in this case the deed does not recite any judgment. It commences by setting out a fieri facias issued out of this court, to levy the amount of a judgment recovered before a justice of the peace ; and it does not appear that such judgment has ever been entered on the records of this court, so as to make it a lien on the defendant's land. The authority for issuing the fieri facias, and the subsequent sale does not appear; and it will not do to infer such authority to divest a title, without some proof of a judgment binding the land.

This cause came up again at November term, 1839, when the plaintiff gave in evidence the transcript of a judgment recovered before a justice of the peace, at the suit of John Pearson against James Hambleton on the 29th May, 1326, for $48 28 and interest thereon; an execution issued on the same day returnable 1st Sept. 1826, which was never returned by the constable, but was brought back to justice Weldon, on whose docket the judgment stood on 2d Sept. 1835, by Pearson's *executrix*, at whose instance an *alias* execution was issued in the name of the executrix, and returned by the constable Sept. 18, 1835, "goods sold for $62 41 and $21 18 applied to this execution, and the balance to prior claims." Transcript filed and

judgment docketted in this court, and *fieri facias* issued to November term, 1835, and returned, "nulla bona; levied on land per inquisition annexed; inquisition held 16th Nov. 1835, and not sufficient." Venditioni exponas issued to May term, 1836, and returned "Land sold to Eldad Lore for $165 00." Petition of the purchaser to the Superior Court for an order on the present sheriff to make a deed; the order thereupon and the deed of N. Wolfe, sheriff, dated May 22, 1837, to Eldad Lore for the premises. Plaintiff then proved the defendant's possession and closed.

*Rogers, jr.,* for defendant, contended that the entry in this court of the justice's judgment was a nullity, and did not authorize the subsequent proceedings, nor give this court authority to award execution for the sale of defendant's land.

*Per Curiam.*

HARRINGTON, *Justice :*—If the question was merely as to the irregularity in the justice's proceeding, prior to the entry of judgment in this court, it would not admit of hesitation; but the rights of third persons have intervened in consequence of the sale made under process of this court; and the present objection is taken in a proceeding collateral to the original judgment. In such a proceeding we can notice no irregularity or error in the process by which this sale was effected. All objections of that kind are precluded by the final action of the court confirming the sale; and, as it regards the purchaser, no questions can be made affecting his title but such as deny the *authority* of the court to institute and carry on the proceedings to a sale. 1 *Baldwin's Rep.* 272; 1 *Harr. Rep.* 477. A judgment at law binding on land and rendering it liable to sale, cannot be controverted in any collateral proceeding either for error in obtaining, or error in executing such judgment. We need not controvert the decision in *Gordon* vs. *Rankin,* that a sheriff's sale without inquisition gives no title; though it does not appear to have been much considered; and the court in the case cited from *Baldwin's Reports,* doubted whether an inquisition ought not to be *presumed.* But taking that decision to be as cited, it is consistent with this, because lands are by our law *not liable* to be sold on execution until *after* it has been ascertained by an inquisition that they will not rent for sufficient to pay the debt in seven years. (*Digest,* 204.) It is the case of want of authority in the court to order a sale without such inquisition held. (*a*)

(*a*) Lessee of John Gordon *vs.* William Rankin and others.
Court of Common Pleas, November term, 1828. Ejectment.
T. CLAYTON, *Chief Justice,* in charging the jury said;—"The question

The question then is, whether the entry of judgment on the transcript filed in this court made the judgment against Hambleton on justice Weldon's docket a lien upon his lands, rendering them liable to be sold, and giving this court jurisdiction and authority to issue process for effecting such sale. For the present purpose we are to inquire whether that judgment or the proceedings on it were *erroneous;* this is mere irregularity of proceeding, and might have been remedied in various forms in every stage of the proceeding until rights became vested by judicial sanction in third persons; but we are only to inquire whether such judgment *existed;* and, additional-

is, whether a life estate can be sold by the laws of this state upon a fieri facias without inquisition. The court are very desirous that this important question should be taken up to the Court of Errors and Appeals. Shortly after I came on the bench I had occasion to look into the question, and I consulted the chief justice of the Supreme Court, who has been on the bench for upwards of thirty years, and he said that it had been decided by him that an inquisition was necessary in case of a life estate, and that such was the opinion of his predecessor, chief justice Read. The Court of Common Pleas decided differently about fifteen years ago, but for ten years past the decisions of both courts have been the same.

The question then is, had the sheriff a right to sell the life estate without an inquisition? If it were a new question I should wish to have some days to consider of it, but we must be bound by the decisions of both courts. The sheriff had authority to levy his fieri facias, hold an inquisition and return his proceedings, and then a venditioni exponas should have been issued. A freehold cannot be sold on a fieri facias. An inquisition was necessary. Without it the sheriff had no authority; and plaintiff cannot support his title under the sheriff's sale. If the sale were void, no confirmation by the court could make it good."

Verdict for defendant.

Thompson *vs.* Phillips. 1 *Bald. Rep.* 246. The acknowledgment of the sheriff or marshall's deed is a judicial act which cures all defects in process or its execution, that the court has power to remedy by order. An objection to such sale must show the *want of power* in the court. *Irregularities* must be corrected by the court which issues the process. *Erroneous proceedings* must be reversed on a writ of error, *or they are binding.*

BALDWIN, J.—" All questions arising on judicial sales when their validity is questioned in ejectment must be those of *authority,* not of irregularity or error in *awarding, executing* or confirming process, or acts in pursuance of it. If the power of the court is once brought into action, no tribunal can declare their proceedings nullities; if an act is necessary to be done before their power to sell can be exercised, it will be *presumed* they had evidence of it *unless the contrary expressly appear.*"

ly, if it legally appeared that the defendant in such judgment had not goods and chattels sufficient to satisfy the same.

A judgment recovered before a justice of the peace does not bind land. To create such a lien it is necessary to exhaust the remedy against the defendant's goods, and to place upon the records of this court, in the mode pointed out by law, a transcript of the judgment. When that is done the judgment binds the defendant's land, and this court has authority fully to execute the judgment and sell the land. (*Digest*, 342.) The requisites are a certified copy of a subsisting judgment; and the evidence furnished by the return upon an execution, that sufficient goods of the defendant cannot be found to satisfy the judgment. If there be such transcript and evidence they authorized the proceedings of this court, which resulted in a sale of the defendant's land, and divested his title without reference to the regularity of those proceedings. The transcript of the judgment is admitted to be sufficient, but it is objected that the return to the execution does not furnish the necessary evidence of a want of goods; first, because the execution itself was not regularly issued; and, secondly, because the return of the constable shows the amount of sales to have been $62 41, and but $21 18 applied to that judgment and the balance to older claims, without specifying such claims. The first objection has been stated to be one of irregularity merely, a voidable and not a void process; and the second is answered by the act of assembly which requires only that the constable, in case of a sale, shall return the amount thereof. At most the objection is to the regularity of the return. Taking it as it stands it furnishes evidence of a levy and sale of the defendant's goods, and that there was not sufficient to satisfy the judgment.

In our opinion the objections taken in this case, though several of them would have been fatal if they had been made to the regularity of the proceedings before the justice, or in this court before confirmation of the sale of defendant's land; cannot avail in this collateral proceeding.

Verdict for plaintiff,

*Rodney,* for plaintiff.
*W. H. Rogers,* for defendant.